# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2012

No. 11-60333

Lyle W. Cayce
Clerk

MARYLAND SINGLETON,

Plaintiff - Appellee

v.

DETENTION OFFICER CORNELIUS JOHNSON, In His Individual
Capacity; DETENTION OFFICER TONY COLLINS, In His Individual
Capacity; DETENTION OFFICER BILLY SLAUGHTER, In His Individual
Capacity,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-79

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Detention Officers Cornelius Johnson, Tony Collins, and Billy Slaughter
(Appellants) challenge the jury-trial judgment against them pursuant to § 1983
bystander liability. Appellants contend the evidence was insufficient to support
the judgment. Because we find the evidence sufficient to support the jury's
verdict, we AFFIRM.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 11-60333

I.

On February 11, 2005, Maryland Singleton was arrested for driving under the influence and taken to the city jail in Jackson, Mississippi. At the jail, Singleton was placed in an initial holding cell. While in that cell, Singleton caused a disturbance, prompting a detention officer, Officer Davis, to enter the cell and punch him in the face. Appellant Officer Johnson promptly intervened. At this time, Singleton began insulting the officers, spitting, and using offensive language. He had a bloody nose, but no other apparent injuries. What happened next is disputed.

Singleton contends Appellants, along with Officer Davis, took Singleton to a second holding cell in the back of the jail. There, Davis punched Singleton four times in the face while Appellants looked on. After the fourth punch, Appellants intervened to stop the assault. Appellants then left Singleton in the cell, where he yelled for help due to his injuries, but no one responded. Appellants, on the other hand, contend that no second assault took place.

Singleton eventually flooded his cell by clogging the toilet, which forced the officers to remove him from the cell. When the officers returned, Singleton was injured and bleeding. He was then transported to the hospital where he was diagnosed with a broken nose, broken jaw, broken cheek bone, and a cut on his forehead that required ten stitches. Appellants maintain they do not know where these injuries came from.

The Jackson Police Department conducted an internal investigation into this incident, which resulted in Officer Davis's termination.

On February 8, 2006, Singleton filed this § 1983 action based on his treatment at the jail. Many of the named defendants were later dismissed from the action, including, *inter alia*, Officer Davis, who was never properly served,

No. 11-60333

because, according to Appellants, he evaded service.  At trial, the only remaining defendants were the Appellants.

After a four-day trial, the jury found bystander liability against all Appellants in their individual capacities and awarded Singleton approximately $64,000 in damages.  Appellants moved for judgment as a matter of law on all claims at the close of Singleton's evidence and renewed, *inter alia*, that motion post-judgment, but all motions were denied.

## II.

Appellants contend the district court erred in denying their motions for judgment as a matter of law because the evidence was insufficient to establish that:  a second assault took place; all three appellants were present at the time of the second assault; there was a reasonable opportunity for them to intervene; and, the injuries were sustained as a result of the second assault.

A district court's denial of a motion for judgment as a matter of law is reviewed *de novo*, with this court applying the same standard as the district court.  *Kevin M. Ehring Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321, 324 (5th Cir. 2011).  A motion for judgment as a matter of law challenges the sufficiency of the evidence.  *Id.*  In considering such a motion, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  *Id.* at 325 (internal quotation marks omitted).  Evidence can support a jury verdict if "reasonable and fair-minded [individuals] in the exercise of impartial judgment might reach different conclusions."  *Transoil Ltd. v. Belcher Oil Co.*, 950 F.2d 1115, 1118 (5th Cir. 1992).

To establish bystander liability the evidence must show the bystander officers had "a reasonable opportunity to realize the excessive nature of the force and to intervene to stop it."  *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).

3

No. 11-60333

Drawing all reasonable inferences in favor of the jury's verdict, we find the evidence offered at trial was sufficient to establish bystander liability against all Appellants and the resulting damages. Singleton's testimony supports the jury's finding that there was a second assault. Testimony was offered placing all three Appellants at the cell during the second assault. And, the evidence is sufficient such that a reasonable juror could find that the officers had a reasonable opportunity to intervene, and their failure to do so was a cause of Singleton's injuries.

## III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.